UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARVIN HARRIS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>FNU FISHER, THERESA CISNEROS,<br><br>　　　　Defendants. | Case No. 1:22-cv-00716-HBK (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO ASSIGN A DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS CASE WITHOUT PREJUDICE FOR FAILURE TO PROSECUTE AND COMPLY WITH COURT ORDERS[1]<br><br>FOURTEEN-DAY OBJECTION PERIOD<br><br>(Doc. No. 4) |

　　　　This matter comes before the Court upon periodic review. As more fully set forth below, the undersigned recommends this case be dismissed without prejudice due to Plaintiff's failure to prosecute this action and timely comply with the Court's order. (Doc. No. 4).

**I. FACTS AND BACKGROUND**

　　　　Plaintiff Harris, a state prisoner, initiated this action proceeding pro se by filing a civil rights complaint under 42 U.S.C. § 1983 on June 14, 2022. (Doc. No. 1). Plaintiff did not accompany the filing of his complaint with the requisite filing fee or a motion to proceed *in forma*

---

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Cal. 2022).

*pauperis* ("IFP application"). (*See* docket). On August 3, 2022, the Court directed Plaintiff to either submit an enclosed IFP application or pay the requisite filing fee within thirty days. (Doc. No. ). The thirty-day deadline has lapsed. Plaintiff has neither submitted the IFP application nor paid the requisite filing fee. (*See generally* docket).

## II.  APPLICABLE LAW

Federal Rule of Civil Procedure 41(b) permits the court to involuntarily dismiss an action when a litigant fails to prosecute an action or fails to comply with a court order. *See* Fed. R. Civ. P. 41(b); *see Applied Underwriters v. Lichtenegger*, 913 F.3d 884, 889 (9th Cir. 2019) (citations omitted); *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) ("[T]he consensus among our sister circuits, with which we agree, is that courts may dismiss under Rule 41(b) *sua sponte*, at least under certain circumstances."). Local Rule 110 similarly permits the court to impose sanctions on a party who fails to comply with any order of the court.

Involuntary dismissal is a harsh penalty, but it "is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002). Before dismissing an action under Fed. R. Civ. P. 41, the court *must* consider: (1) the public interest in expeditious resolution of litigation; (2) the court's need to manage a docket; (3) the risk of prejudice to defendant; (4) public policy favoring disposition on the merits; and (5) the availability of less drastic sanctions. *See Applied Underwriters*, 913 F.3d at 889  (noting that these five factors "must" be analyzed before a Rule 41 involuntary dismissal) (emphasis added); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (reviewing five factors and independently reviewing the record because district court did not make finding as to each factor); *but see Bautista v. Los Angeles County*, 216 F.3d 837, 841 (9th Cir. 2000) (listing the same five factors, but noting the court *need not* make explicit findings as to each) (emphasis added); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (affirming dismissal of pro se § 1983 action when plaintiff did not amend caption to remove "et al" as the court directed and reiterating that an explicit finding of each factor is not required by the district court).

## III.  ANALYSIS

The undersigned considers each of the above-stated factors and concludes dismissing this

1   case is warranted.  The expeditious resolution of litigation is deemed to be in the public interest,
2   satisfying the first factor.  *Yourish v. California Amplifier*, 191 F.3d 983, 990–91 (9th Cir. 1999).
3   Turning to the second factor, the Court's need to efficiently manage its docket cannot be
4   overstated.  This Court has "one of the heaviest caseloads in the nation," and due to unfilled
5   judicial vacancies, which is further exacerbated by the Covid-19 pandemic, operates under a
6   declared judicial emergency.  *See* Amended Standing Order in Light of Ongoing Judicial
7   Emergency in the Eastern District of California.  The Court's time is better spent on its other
8   matters than needlessly consumed managing a case with a recalcitrant litigant.  Indeed, "trial
9   courts do not have time to waste on multiple failures by aspiring litigants to follow the rules and
10  requirements of our courts."  *Pagtalunan*, 291 F.3d at 644 (Trott, J., concurring in affirmance of
11  district court's involuntary dismissal with prejudice of habeas petition where petitioner failed to
12  timely respond to court order and noting "the weight of the docket-managing factor depends upon
13  the size and load of the docket, and those in the best position to know what that is are our
14  beleaguered trial judges.").  Delays have the inevitable and inherent risk that evidence will
15  become stale or witnesses' memories will fade or be unavailable and can prejudice a defendant,
16  thereby satisfying the third factor.  *See Sibron v. New York,* 392 U.S. 40, 57 (1968).  Finally, the
17  instant dismissal is a dismissal *withou*t prejudice, which is a lesser sanction than a dismissal with
18  prejudice, thereby addressing the fifth factor.
19       Considering these factors and those set forth *supra*, as well as binding case law, the
20  undersigned recommends dismissal, without prejudice, under Fed. R. Civ. P. 41(b) and Local
21  Rule 110.
22       Accordingly, it is **ORDERED**:
23       The Clerk of Court assign this case to a district judge.
24       It is further **RECOMMENDED**:
25       This case be dismissed without prejudice for Plaintiff's failure to prosecute this action and
26  the Clerk be directed to terminate any motions and close this case.
27                                    NOTICE TO PARTIES
28       These findings and recommendations will be submitted to the United States district judge

assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen (14) days after being served with these findings and recommendations, a party may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Dated:     September 26, 2022

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE